(43 South. 264.)

No. 16,281.

BORDELON et al. v. S. GUMBEL & CO., Limited, et al.

(Feb. 18, 1907. Rehearing Denied March 18, 1907.)

MORTGAGES—RIGHTS OF MORTGAGEES—BONA FIDE PURCHASER.

    For the purpose of enabling her husband to borrow money, the wife made a fictitious sale of her property to the proposed lender for cash, and the latter, by a separate act, on the same day and before the same notary and witnesses, sold the property on a credit to the husband. The act by which the husband thus acquired, did not recite, or otherwise show on its face, that the property had been acquired from the wife. More than 10 years afterwards the husband gave a mortgage on the property; he having in the meantime lived on it, improved it with his own funds, assessed it in his name, and otherwise treated it as his own. The mortgagee accepted the mortgage on the faith of the record, not knowing of the rights of the wife. *Held,* the mortgage is good as against the rights of the wife. One who parts with his money on the faith of the public record must be protected even as against the rights of the wife, when he has acted without actual knowledge of such rights.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 360–365.]

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Action by L. Clinton Bordelon and others against S. Gumbel & Co., Limited, and others. Judgment for plaintiffs, and defendants appeal. Reversed, and suit dismissed.

Coco & Couvillon, for appellants. Peterman & Couvillon, for appellees.

PROVOSTY, J. Under a fi. fa. in the suit of S. Gumbel & Co. v. A. M. Bordelon, the sheriff seized a certain lot of ground with improvements thereon in the town of Marksville, parish of Avoyelles. The plaintiffs, who are the children of A. M. Bordelon, have enjoined the seizure, on the ground that the property seized belongs to them as heirs of their mother, and not to their father.

The father of plaintiffs, A. M. Bordelon, mortgaged said property to S. Gumbel & Co., the judgment creditors, and the judgment sought to be executed by the fi. fa. was obtained on the mortgage; but plaintiffs claim that their father's title was a simulation.

The facts are that the mother of plaintiffs purchased the lot of ground in question in 1890 for $600, she and her husband being separate in property; that in 1892 she executed a notarial act, selling same to one Chatelain for $200 cash; that on the same day, and before the same notary and witnesses, but by another and separate act, said Chatelain sold same to her husband for $220 on a credit, no mention being made in the act of the derivation of the property—that is, of whom or from whom Chatelain had derived his title—that both of these acts were duly recorded on the same day; that the sole object of this sale and counter sale was to enable the husband to borrow $200 on the security of the property; that thereafter the property continued to remain on the public records in the name of the husband, he and his family living on same; that he mortgaged it in 1891 to E. B. Coco; that his wife, the mother of plaintiffs, joined in the act for the purpose of waiving the homestead;

that he gave to S. Gumbel & Co., in 1903, the mortgage on which was obtained the judgment sought to be executed; that before accepting the mortgage the agent of Gumbel & Co. ascertained that the property stood on the public records in the name of the husband, and also that it was commonly known as the husband's, and for years had been assessed to him; and he ascertained, further, that the husband and apparent owner had made valuable improvements on the property, among others, two store buildings, in one of which he was carrying on a commercial business.

The said agent of S. Gumbel & Co. testifies that he accepted the mortgage on the faith of the records, without any knowledge of any defect in the title, or of the fact that the title was derived from the wife.

This court has gone very far in the protection of the rights of married women, but not to the extent that would be necessary for invalidating the mortgage of S. Gumbel & Co. in this case. S. Gumbel & Co. acted on the faith of the public records, and without notice of the infirmity of the husband's title, or of the rights of the wife, and this protects them, even as against the rights of the wife. Blanchard v. Castille, 19 La. 362; Broussard v. Broussard, 45 La. Ann. 1085, 13 South. 699; Thompson v. Whitbeck, 47 La. Ann. 49, 16 South. 570; Chaffe v. Oliver, 33 La. Ann. 1008.

Against this view, the decisions in the cases of Vicknair v. Trosclair, 45 La. Ann. 373, 12 South. 486, and Douglass v. Douglass, 51 La. Ann. 1455, 26 South. 546, in no wise militate. In them the creditor had not parted with his money on the faith of the public records, and without notice of the rights of the wife, as in this case. In the former of these cases the court said:

"The facts disclosed by the record will not justify us in treating the defendant as an innocent third party, who acted in good faith upon the apparent validity of the transaction in which he participated."

Very far from being overruled, the cases of Broussard v. Broussard and Thompson v. Whitbeck are cited with approval.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the injunction herein be dissolved and the suit of plaintiffs dismissed, at their cost in both courts.