This is a petitory action in which plaintiffs, Ethel Lawrence and Arthur Lawrence, seek to be decreed the owners, and, as such, entitled to the full possession of the following property:
"The undivided fifth part of a certain lot or parcel of ground in the Parish of Assumption, on the left bank of Bayou Lafourche, on the lower line of Valance Plantation and formerly forming part thereof, commencing at a distance of about twenty arpents from said Bayou and measuring about five arpents front on a public road or lower line of said Valance Plantation, twenty five feet width donated by vendor, to use of the public and all inhabitants along the same, by a depth of one arpent less with width of the road, bounded in the rear by property of Theodule Bourg, on side towards Bayou Lafourche by lot of Moses Henderson sold to Abraham Dickerson on the 12th day of February 1879, on the side towards the woods by lot sold to Anthony Jackson on the 22nd day of May, 1944, together with the buildings and improvements thereon and all rights thereunto appertaining."
They allege that they acquired the said property by an authentic act of sale passed on Sept. 12, 1945, which said act of sale was duly recorded in conveyance records of the Parish of Assumption on Sept. 18, 1945, from Clarence Henderson et als; that the said Clarence Henderson et als acquired the said property as the sole heirs of Virginia Nixon, who died intestate in the Parish of Assumption during the year 1942-1943; that Virginia Nixon acquired the said property by an authentic act of sale under date of May 22, 1933, which act of sale was duly recorded in the conveyance records of the Parish of Assumption, from June Robinson; that June Robinson acquired the said property by an authentic act of sale under date of April 8, 1903, which said act of sale was duly recorded in the conveyance records of the Parish of Assumption, from Phillip Gains. They further allege that their authors in title have been in the actual, physical and uninterrupted corporeal possession of the said property for a period of more than thirty years, and have inhabited, lived on, cultivated and fenced in the said property for said period of time.
For answer, defendant, for lack of information, denies all of plaintiff's allegations. In further answer, she alleges that Phillip Gains acquired the said property by authentic act of sale, dated January 20, 1903, which act of sale was duly recorded in the conveyance records of the Parish of Assumption; that Phillip Gains was twice married, first to Georgiana Williams, on or about June 3, 1878; that she, defendant, is an issue of said marriage; that after the death of Georgiana Williams, her mother, said Phillip Gains, married June Robinson on or about April 13, 1893; that there were no issues of this marriage; that the acquisition of Gains on January 20, 1903, was one during the existence of the community between himself and June Robinson; that the act of sale of April 8, 1903, was a sale from husband to wife during their marriage, therefore it was null, void and of no effect. She further avers that upon the death of Phillip Gains, he not having disposed of his interest in the said property the same became a part of his succession which was inherited by her *Page 887 
along with her brothers and sisters, as his child and heir; that she has not sold or otherwise disposed of her undivided interest in the said property. She further incorporates in her answer an exception of no right of action for the reason that as she is the owner of an undivided interest in the said property she cannot be divested of her lawful possession by means of a petitory action.
Prior to trial, plaintiffs filed pleas of ten and thirty years prescription, acquirendi causa, against the claim of ownership asserted by defendant.
The trial judge, for written reasons assigned, overruled plaintiffs' pleas of ten and thirty years prescription and sustained defendant's exception of no right of action, and dismissed plaintiffs' suit. Plaintiffs have appealed.
The plaintiffs have fully proven their title by acts authentic in form as set out in their petition. It is admitted that they are purchasers in good faith, having purchased on the faith of the public records of the Parish of Assumption. It was also admitted that June Robinson died during the year 1943, and that Phillip Gains died about the year 1910.
It is the contention of the defendant that the sale executed on April 8, 1903, from Phillip Gains to June Robinson is a nullity for the reason that, they being husband and wife, such a sale is not permitted under our law.
[1, 2] An examination of the Act clearly shows that the said act is one authentic in form. In the act the vendor is declared to be "Phillip Gaines, a resident of the Parish of Assumption who declared, that he does by these presents, grant, bargain, sell, etc." unto "Mistress June Robinson a resident of the Parish of Assumption who buys with her own separate paraphernal funds, etc." the property in contest. The consideration in the deed is stated as the "price and sum of One Hundred Dollars cash which the said purchaser has well and truly paid, etc." The marital status of the vendor and vendee is not given. There are no apparent defects in the sale, it being perfect in form. Thusly, defendant had to rely on parol evidence to show that the said vendor and vendee were husband and wife. Plaintiff promptly objected to the introduction of any parol evidence to show that the vendor and vendee were husband and wife. Evidently, the trial court overruled the objection in that he allowed and considered parol evidence to show that the vendor and vendee were husband and wife. We think he should have sustained the objection. But granting for sake of argument that the evidence would be admissible, there is no proof in this record of the marriage. Proof of the stub of an application for license alone is not proof that the marriage actually took place. There is no testimony by anyone present at the marriage ceremony nor of anyone who knew of its existence.
[3] In the case of Broussard v. Broussard, 45 La. Ann. 1085, 13 So. 699, 700, the supreme court said: "It is settled in this court, by a jurisprudence too inveterate to admit of question, that, 'Whatever the secret equities between a vendor and vendee, the former (in our case the heir of the former) cannot claim them against a subsequent purchaser in good faith. Having placed on the public records the title on the faith of which such purchaser acquired, the vendor (his heirs as well) must bear the consequences of having presented the vendee's rights in a false aspect.' "
[4, 5] In the case of Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L.R.A., N.S., 982 (Syllabus by the court), it was held: "1. In the absence of allegations that the execution of an authentic act of sale of immovable property was induced by error, misrepresentation, or fraud, parol evidence, to show that a contract of mortgage was intended, is properly excluded." "2. One who, upon faith in the public records, purchases real estate, the recorded title to which stands in the name of his vendor, is entitled to be protected in hispurchase against any claims or equities arising out of thepreviously existing relations between his vendor and thelatter's author or other persons." (Italics ours.) See case of Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321.
[6] In the case of Bordelon v. Gumbel, 118 La. 645, 43 So. 264, a case wherein *Page 888 
the property of the wife had been transferred to the husband in violation of a prohibitory law, innocent third persons dealing with the property on the faith of the public records were held to be protected.
[7] The conveyance records are the only things to which one dealing with real estate or any real right ever needs to look under repeated decisions of the Supreme Court.
[8] The act is authentic in form and is full proof of its recitals therein contained. Civil Code Article 2236. The attack made upon the act is a hidden defect, violating a prohibitory law, and not shown on its face. It is now well settled, in so far as against a bona fide purchaser for value who acted on the faith of a recorded title, that parol evidence is inadmissible to show hidden defects or secret equities existing between the parties to the act.
[9] It is now the well established jurisprudence that the settled public policy of the State that protects innocent third persons acquiring real estate on the faith of recorded titles is paramount to that which merely protects individuals against acts done in violation of a prohibitory law.
[10] Under that settled jurisprudence, supra, we are of the opinion that the judgment appealed from is erroneous and should be reversed, and judgment should be rendered in favor of plaintiffs in accordance with the prayer of their petition.
For reasons assigned, the judgment of the District Court is reversed and set aside and accordingly let there be judgment in favor of the plaintiffs, Ethel Lawrence and Arthur Lawrence and against the defendant, Ida Joseph, recognizing plaintiffs to be the true and lawful owners of the property described in Article I of plaintiffs' petition, and hereinabove described and as such to the full possession thereof, and the defendant, Ida Joseph, is hereby ordered to deliver possession of said property to said plaintiffs and that all costs be taxed to defendant.