185 So.2d 92 (1966)
John W. HENDERSON
v.
Mrs. Michele ROSSI et al.
No. 2137.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*93 Leo L. Dubourg, New Orleans, for plaintiff-appellee.
Sam O. Buckley, New Orleans, for Lloyd R. Sanchez, defendant-appellant.
Before REGAN, SAMUEL and HALL, JJ.
HALL, Judge.
Plaintiff sued Mrs. Michele Rossi and Lloyd R. Sanchez in solido seeking to recover the sum of $258.00 balance due for certain work performed by him on the premises 2417-19 Marengo Street in the City of New Orleans. He alleged in substance that the work was ordered by Mrs. Rossi, a tenant occupying part of the premises, and was performed with the full knowledge and approval of Sanchez, owner of the premises; that as a furnisher of labor and material he has a lien and privilege on the building to secure payment of the amount due him and had preserved the lien by timely recording a lien affidavit in the Mortgage Records of Orleans Parish.
Mrs. Rossi filed no answer and made no appearance. Sanchez filed an answer in which he specifically plead that he had ordered no work done, that he did not know of the agreement between plaintiff and Mrs. Rossi at the time it was made or prior thereto and did not ratify it thereafter. He prayed for dismissal of plaintiff's suit as to him and for cancellation of the lien affidavit recorded against his property.
Judgment by default was rendered against Mrs. Rossi. Following trial on the merits a separate judgment was rendered in plaintiff's favor and against Sanchez in the full amount claimed. Sanchez appealed. No appeal was taken by Mrs. Rossi.
Appellant, Sanchez, contends that the work was contracted for by his tenant, Mrs. Rossi; that he had nothing to do with the work performed by plaintiff; and, under the circumstances of the case is not liable to plaintiff for payment for the work nor is his property lienable therefor, citing Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336.
In the case cited by appellant the Supreme Court set at rest the prior conflicting jurisprudence by holding as follows:
"We therefore hold that mere consent or acquiescence of the owner to work being done on leased premises by the lessee or as a result of a contract awarded by the lessee is not sufficient to render the land and improvements subject to the privilege for material, labor, and similar services imposed by R.S. 9:4801; nor does the owner's knowledge of improvements on the premises make the employer his, the owner's agent, so as to impose liability on the owner for wages, materials or claims of the employer's workmen. This is not to say, however, that the owner, through his conduct, may not under certain circumstances create an estoppel which will prevent his contesting the rights of the materialman, laborer, or similar claimant." (Emphasis supplied).
It is undisputed that plaintiff was hired by Mrs. Rossi, the tenant, to paint some of of the rooms of the apartment occupied by her and to do certain other work therein, and that the work was done with the knowledge and acquiescence of Sanchez, the owner. Under these bare facts the Fruge case would preclude any liability on the part of Sanchez.
The issue here, as we appreciate it, is whether the owner, Sanchez, under the *94 circumstances of this case, is estopped by his conduct to deny liability for the work done.
The facts as revealed by the record are as follows:
The premises 2417-19 Marengo Street is a duplex. The owner, Sanchez, lived in the lower apartment and rented the upper apartment to Mrs. Rossi. Shortly after moving into the upper apartment, Mrs. Rossi sought and obtained permission from Sanchez to repaint one of the rooms a different color in order to match her furniture. According to Sanchez, Mrs. Rossi stated that her husband would do the work. Sanchez agreed to furnish the paint which he purchased and placed in his garage. Sometime later, instead of having her husband do the work, Mrs. Rossi hired plaintiff to do it. Sanchez, whose employment took him out of town three or four days a week, did not know she had hired someone to do the work until after the work was in progress. Although plaintiff was at first employed to paint only one room, it developed that as soon as he painted one room Mrs. Rossi would request him to paint another until almost all of the upper apartment rooms were done over. Plaintiff also laid some linoleum tile in the kitchen at Mrs. Rossi's request and repainted some of her cabinets and the refrigerator. He also did some papering and plastering in the hallway. Sanchez saw the work in progress and even furnished all of the paint and other materials with the exception of $8,00 worth. He testified he did not furnish the materials to plaintiff but to Mrs. Rossi, some of which he purchased before she hired plaintiff. The materials were kept in the Sanchez garage together with plaintiff's tools and each morning Mrs. Sanchez opened the garage in order to give plaintiff access thereto. The record reveals that on one occasion Sanchez saw plaintiff taping up some wall paper and suggested a different method of doing it.
It is clear that Sanchez knew the work was being performed by plaintiff and that he acquiesced therein. But it is also clear from plaintiff's own testimony that plaintiff was hired by Mrs. Rossi and looked to her alone for payment; that he never requested payment from Sanchez nor did Sanchez ever offer to make payment. Mrs. Rossi paid plaintiff $30.00 on account and moved from the apartment owing the balance. Plaintiff made every effort to locate her without success. It was then that he decided to file a lien against the property, not because he thought Sanchez was responsible for payment but because he thought the law gave him a lien.
It is well settled that estoppels are not favored in law and should not be maintained except in clear cases (See West's Louisiana Digest, verbo "Estoppel" 52).
"It is settled jurisprudence that there are three elements of estoppel, namely: (1) representation, (2) reliance, and (3) change of position to one's detriment * * *." Olin Gas Transmission Corporation v. Harrison, La.App., 132 So.2d 721.
We find none of the elements of estoppel in this case. Sanchez did nothing which led plaintiff to believe, nor did plaintiff, according to his own testimony, believe that he was doing the work for Sanchez or for his benefit. Plaintiff filed his lien and brought suit against Sanchez merely because he could not locate Mrs. Rossi and was under the erroneous impression that the law accorded a lien to all workmen who perform work on a building with "the consent of the owner."
For the foregoing reasons the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Lloyd R. Sanchez, and against the plaintiff, John W. Henderson, rejecting said plaintiff's demands and dismissing his suit at his cost. It is further ordered, adjudged and decreed that the Recorder of Mortgages for the Parish of Orleans be and he is hereby authorized and directed *95 to cancel and erase from the records of his office the affidavit of lien filed by John W. Henderson on April 9, 1964, against the premises 2417-19 Marengo Street, New Orleans, Louisiana, in the block bounded by Marengo, Freret, LaSalle and General Taylor Streets, as same appears inscribed in Mortgage Office Book 2036, Folio No. 600.
Costs of this appeal are to be borne by John W. Henderson, plaintiff-appellee.
Reversed and rendered.