REID, Judge.
This matter is before us on an appeal from a judgment of the 17th Judicial Dis *88 trict Court dismissing a rule to show cause filed by Leroy G. Johnson, an attorney at law and notary public of Terrebonne Parish, Louisiana, against Sewerage District No. 8 of Terrebonne Parish, seeking to have certain liens filed by said Sewerage District cancelled from the mortgage records of the said Parish of Terrebonne.
After the judgment ordering a sale to affect a partition by licitation the Court issued an order appointing Mr. Leroy G. Johnson, an attorney and notary public for Terrebonne Parish as notary to effect a partition among the co-owners of the property in question as well as to pay off all the debts which were standing against the same property.
The Sewerage District filed an exception of no right or cause of action and alleged that the liens in question were valid liens properly inscribed and full payment of the assessment secured by said liens had not been paid.
There is very little dispute about the facts. Mr. Johnson went to Mr. Ralph Bisland, secretary and treasurer of Sewerage District No. 8 and asked for the amount due on the sewerage liens in question which had been paid. Mr. Bisland gave no formal letter, or written document under the seal of the Sewerage Board but he did give Mr. Johnson the figures on a rough sheet of paper showing the amount which he states was due in order to cancel the liens in question. Mr. Bisland admits giving him this paper but there is a dispute over whether Mr. Johnson showed him a mortgage certificate, or whether he gave him a list of the names on which the liens would be filed. However, Mr. Johnson says that he showed him the mortgage certificate, showed him the record and that Mr. Bisland immediately went to his records, checked them, and gave him the rough sheet of paper which contained the names and the amounts due.
Subsequent to that Mr. Johnson paid off all the encumbrances except these liens and then came with checks to Mr. Bisland to settle the liens. Mr. Bisland then said that there had been a mistake, and that there was more money due, in fact some $1100.00 would be required to settle the amount owing on the liens and to secure the cancellation of them. Before this though Mr. Johnson had filed his proces verbal showing the distribution of the money, and had secured a judgment of Court ordering the distribution of same.
The matter not being settled Mr. Johnson then brought this rule against the Sewerage District No. 8 to have the said liens cancelled. The matter was duly tried in the Lower Court and the Court rendered judgment, dismissing the rule at plaintiff’s costs.
From this judgment the plaintiff in rule, Mr. Johnson, has appealed suspensively to this Court.
Mr. Johnson has taken the position that the Sewerage District should be bound by the information furnished by Mr. Bisland to Mr. Johnson. The Lower Court found that all the monies owed had not been paid and that the informal information given to Mr. Johnson is not sufficient to bind the Sewerage District to require that the liens be cancelled. The Lower Court comments that there are methods by which Mr. Johnson could have obtained this information by which the District would have been bound. We find this holding of the Court to be correct.
In addition the Lower Court found that the information furnished to Mr. Johnson was purely on rough notes presented on a rather informal basis. We feel that in order to bind the Sewerage District it would be necessary that some form of certificate under the seal of the Sewerage District Board and signed by the Secretary should have been presented to Mr. Johnson in order to bind the Board so that the plea of payment of these liens or tender of the money to pay them could be properly made.
Mr. Johnson urges in addition the doctrine of equitable estoppel, claiming that *89 it is applicable and that the Sewerage District should he estopped from denying that the amounts were paid. The Lower Court rejected this claim on the grounds that for equitable estoppel to be applicable there should be a false representation, wrongful or misleading silence on the part of the party sought to be estopped. None of these facts was found present by the Lower Court.
With reference to the doctrine of equitable estoppel we find the same set forth in the case of Carpenter v. Madden, La.App., 90 So.2d 508:
“Taylor v. Turner, La.App., 45 So.2d 107, 110 states:
“The rule is almost, if not invariable, that to sustain a plea of estoppel two essential facts must be well established, viz.:
“1. The party against whom the plea is leveled must have knowingly, orally or in writing, asserted as true, facts that were not true, and
“2. The proponent of the plea must have had knowledge of said assertions and, in good faith, acted thereupon and/or changed his position with respect to the matter involved, to his loss, injury or detriment.”
These two requirements are met here. As a general rule, where a person has, with knowledge of the facts, acted or conducted himself in a particular manner or asserted a particular claim, title or right, he can not afterward assume a position inconsistent therewith to the prejudice of one who has acted in reliance on such conduct. However, to constitute an estoppel, the party against whom an estoppel is claimed must have done some act or pursued some course of conduct with knowledge of the facts and of his rights, and, in addition it is essential that the party claiming the estoppel should have been misled to his prejudice. * * ”
The final argument of Mr. Johnson that the obligation is extinguished by confusion is not applicable herein. Merely because two separate and distinct water districts were creatures of the Police Jury is not sufficient to hold that the debt is extinguished by confusion. It is true that the Police Jury is the governing body of both Districts but the two Boards are separate and distinct entities and we do not believe that there could be any extinguishment of the debt by confusion herein.
For the above and foregoing reasons it is ordered that the judgment of the Lower Court be affirmed at appellant’s costs.
Affirmed.