398 So.2d 102 (1981)
Welmon B. CHAMBERS, Plaintiff-Appellant,
v.
PAROCHIAL EMPLOYEES' RETIREMENT SYSTEM OF LOUISIANA, Defendant-Appellee.
No. 8066.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Writ Denied June 5, 1981.
*103 Brittain & Williams, Joseph Payne Williams, Natchitoches, for plaintiff-appellant.
William C. Toadvin and Carmack M. Blackmon, Baton Rouge, for defendant-appellee.
Before CULPEPPER, FORET and STOKER, JJ.
FORET, Judge.
Welmon Chambers (Plaintiff) brought this action against the Parochial Employees' Retirement System of Louisiana (Defendant) claiming that supplemental retirement benefits are due him. The trial court rendered judgment in favor of defendant. Plaintiff appeals and presents two issues:
(1) Whether all requirements of law were met entitling plaintiff to receive supplemental retirement benefits and, if not,
(2) Whether defendant is estopped from denying these benefits to plaintiff because of information it gave him on which he relied.

FACTS
There is little dispute with respect to the facts giving rise to this action. Plaintiff had been employed by the Sabine Parish Police Jury (Police Jury) for some twenty-five years before January 1, 1979, the date on which he retired. Plaintiff, upon his retirement, began receiving two checks a month in the amount of $228.35 in regular retirement benefits and $173.68 in supplemental retirement benefits from defendant. However, plaintiff stopped receiving his supplemental retirement benefits some five months later when defendant determined that he was ineligible for such payments.
Plaintiff instituted this action on August 15, 1979, alleging that he was indeed entitled to receive supplemental retirement benefits and that defendant was wrongfully withholding payment of them. The action was tried on February 6, 1980, and the trial court rendered judgment in defendant's favor. Plaintiff was granted a devolutive appeal from that judgment.

*104 REQUIREMENTS OF LAW
Plaintiff argues that all requirements of law were met with respect to his eligibility for supplemental retirement benefits.
The legislature enacted LSA-R.S. 33:6131.2[1] to give each parish the option of cancelling coverage of its employees under the Federal Social Security Act and to amend its agreement with defendant to provide those employees with supplemental retirement benefits. This act required each entity seeking such benefits to officially terminate its coverage under and to cease making contributions to the social security system.
The Police Jury, pursuant to that act, passed a resolution on July 20, 1976, immediately terminating Social Security coverage of parish employees and amending its agreement with defendant to provide those employees with supplemental retirement benefits. The resolution was sent to the Public Employees Board,[2] the party that had contracted on behalf of the State with the Federal Government for Social Security coverage of state and parish employees. The Board was the proper entity to give official notice to the Secretary of the Department of Health, Education and Welfare (now Department of Health & Human Services) of the intent of a certain group of employees to withdraw from Social Security coverage. See LSA-R.S. 42:1001 et seq.
However, on August 4, 1976, the Public Employees Board informed the Police Jury that the resolution was improper in that the State was required to give two years' advance notice, in writing, to the Secretary of H.E.W. before Social Security coverage for a designated group of employees could be terminated. See 42 U.S.C.A. § 418(g)(1).
The Police Jury failed to react to this information until March 21, 1979, at which time it amended its earlier resolution to comply with its agreement with the Public Employees Board.[3] Social Security coverage for Sabine Parish employees will now terminate on December 31, 1981. Therefore, Sabine Parish employees were ineligible for supplemental retirement benefits, at the time plaintiff retired, since their Social Security coverage still existed instead of being officially terminated as required by LSA-R.S. 33:6131.2.
We hold that plaintiff was covered by Social Security at the time he retired and, therefore, was ineligible for supplemental retirement benefits.

ESTOPPEL
Plaintiff argues that, even if it is determined that there was a failure to comply with the requirements of law, defendant should be estopped from denying him those benefits because of certain representations, both oral and written, made to him.
Bobbie Maggio was an employee of the defendant who held the title of Secretary-Manager and whose duties included making determinations of eligibility for retirement benefits. Plaintiff inquired as to his eligibility for such benefits in the fall of 1978. Mrs. Maggio told plaintiff that he was eligible for both regular and supplemental retirement benefits.
Plaintiff claims that he relied on this information in making his decision to retire, which reliance was detrimental to him as *105 the benefits he now receives are inadequate for his needs. He therefore argues that defendant should be estopped from denying him supplemental retirement benefits.
There are three elements of estoppel:
(1) A representation by conduct or word;
(2) A justifiable reliance on such representation by the person to whom it is made; and
(3) A change in position to one's detriment because of the reliance.
Wilkinson v. Wilkinson, 323 So.2d 120 (La. 1975); State ex rel. Porterie v. Gulf, Mobile & N. R. Co., 191 La. 163, 184 So. 711 (1938); American Bank and Trust Company v. Trinity Universal Insurance Company, 194 So.2d 164 (La.App. 1 Cir. 1966), affirmed, 251 La. 445, 205 So.2d 35 (1967); Babin v. Montegut Insurance Agency, Inc., 271 So.2d 642 (La. App. 1 Cir. 1972).
Estoppels are not favored in our law. Wilkinson v. Wilkinson, supra; G. J. Deville Lumber Co., Inc. v. Chatelain, 308 So.2d 428 (La.App. 3 Cir. 1975), writ denied, 313 So.2d 239 (La.1975); Rodden v. Davis, 293 So.2d 578 (La.App. 3 Cir. 1974), writ denied, 296 So.2d 832 (La.1974). They will be applied, however, when the evidence warrants it and when the ends of justice demand it. G. J. Deville Lumber Co., Inc. v. Chatelain, supra. Being an equitable remedy, it must be applied with equity. Rodden v. Davis, supra; Harvey v. Richard, 200 La. 97, 7 So.2d 674 (1942); Taylor v. Turner, 45 So.2d 107 (La.App. 2 Cir. 1950); Henderson v. Rossi, 185 So.2d 92 (La.App. 4 Cir. 1966); Muhleisen v. Allstate Insurance Company, 203 So.2d 847 (La.App. 4 Cir. 1967).
The evidence shows that defendant (The Parochial Employees' Retirement System of Louisiana) and the Public Employees Board were two entirely separate and distinct state agencies that rarely communicated with each other. Defendant received a copy of the resolution passed by the Police Jury in July, 1976, which purported to terminate Social Security coverage immediately and which had been forwarded to the Public Employees Board. Defendant then marked its records to expect the first contribution to the supplemental plan from the Police Jury for the fourth quarter of 1978 and then amended its agreement with the Police Jury to extend the coverage of the supplemental plan to parish employees. Mrs. Maggio testified that, based on the copy of the resolution defendant received, she believed that the Police Jury had given proper notification to the Federal Government or the Public Employees Board that they would terminate Social Security coverage as of September 30, 1978.
Defendant learned of the improper notification given by the Police Jury in late February or early March, 1979, which was some time after Mrs. Maggio had conferred with plaintiff. Defendant then sought an opinion from the Attorney General and, pursuant to that opinion, returned all contributions paid by or on behalf of Sabine Parish employees to the supplemental plan and rescinded its amended agreement with the Police Jury. There was apparently no requirement that either the Police Jury or the Public Employees Board certify to defendant that Social Security coverage had in fact terminated, and defendant relied solely on the information contained in the resolution of the Police Jury.
We hold that it would be inequitable and contrary to the ends of justice to allow plaintiff to invoke the doctrine of "equitable estoppel" against the defendant under the circumstances present here. Further, equitable considerations cannot be permitted to prevail when in conflict with positive written law. LSA-C.C. Article 21; Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75 (1945); Port Finance Co. v. Ber, 45 So.2d 404 (La.App.Orl., 1950). The positive written law effective at the time plaintiff retired provided that a person was ineligible for supplemental retirement benefits if his Social Security coverage had not been officially terminated.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] The subject matter of LSA-R.S. 33:6131.2 as enacted by Acts 1968, # 538, § 1; and amended by Acts 1974, # 441, § 1 and Acts 1975, # 396, § 1, has been transferred to R.S. 33:6104 by Acts 1979, # 765, § 1, which became effective after plaintiff had retired and is inapplicable to the case before us.
[2] The Louisiana Department of the Treasury, Division of Social Security now administers the Social Security coverage for the State. See LSA-R.S. 36:769.
[3] Section G of that agreement provides:

"(G) TERMINATION BY THE POLITICAL SUBDIVISION
The POLITICAL SUBDIVISION, upon giving at least two years' advance notice in writing to the STATE AGENCY, may terminate this agreement, effective at the end of a calendar quarter specified in the notice, provided, however, that the agreement may be terminated only if it has been in effect not less than five years prior to receipt of such notice.
The above clause is put into such agreements by the Public Employees Board to facilitate compliance with 42 U.S.C.A. 218(g)(1)."