O’NIELL, Chief Justice.
 

 This suit is like the case of John L. Munn v. J. K. Wadley et al., La.Sup., 189 So. 561, which was decided today. The plaintiffs in this suit, however, are urging a plea of estoppel which was not an issue in the Munn case.
 

 The plaintiffs claim the mineral rights in a tract of land belonging to the defendant and described as the N% of NEj4 of Section 8 and N% of NWj4 of Section 9, in T. 21 N., R. 9 W., in Webster Parish. The defendant bought the land from the North American- Investment & Development Company on December 27, 1917. The North American Investment & Development Company was formerly named the German-American Investment Company. The land which Gleason, the defendant, owns was a part of a large area of land which the Porter-Wadley Lumber Company sold to the German-American Investment Company on February 12, 1916, reserving the mineral rights.
 

 The plaintiffs in this suit were the stockholders of the Porter-Wadley Lumber Company, which was dissolved on May 3, 1917. All of the issues in this case were decided against these stockholders in the Munn case today. For the reasons given in the opinion rendered in that case, the claims of the plaintiffs to the mineral rights in the land owned by the defendant in this case were rejected by the judgment •of the district court. The judgment is correct unless the plea of estoppel which the plaintiffs have set up is well founded.
 

 The plaintiffs did not plead the estoppel in the district court until the case was tried and submitted for decision, after which the plaintiffs set up the plea in a brief filed in the district court.
 

 Assuming, however, that the plea of estoppel came not too late, it is not well founded. It is based upon the following facts: In March, 1924, J. K. Wadley, who was one of the stockholders of the PorterWadley Lumber Company, and who is one of the plaintiffs in this suit, filed a petition in the district court in Webster Parish, alleging that he had been appointed curator of the minor, Margaret Porter, by the
 
 *1055
 
 probate court at the domicile of the minor, in Miller County, Arkansas, and that he desired to be recognized as the tutor of the minor by a decree of the district court in Webster Parish. In his petition he alleged that the Porter-Wadley Lumber Company was the owner of large tracts of land in Webster Parish; that Margaret Porter inherited from her father certain shares of stock in the corporation; that the corporation was dissolved and its charter was surrendered on May 3, 1917; that the title to the lands and property owned by the corporation became vested in the stockholders as of that date, in proportion to the number of shares of stock held by each stockholder; and that Margaret Porter, who was 14 years of age at the time of the filing of the petition, owned an interest in the lands and other property of the corporation in Webster Parish. He asked to be recognized as the tutor of Margaret Porter, and to have W. T. Gleason, who is the defendant in this suit, appointed undertutor for the minor. He averred that Gleason was an intimate friend of the family and for that reason was a proper and suitable person to be appointed undertutor for the minor. In response to the petition the judge rendered an ex parte judgment on March 13, 1924, recognizing J. K. Wadley to be the tutor for Margaret Porter, and appointing W. T. Gleason undertutor. J. K. Wadley took the oath of tutor, and letters of tutorship were issued to him; and at the same time W. T. Gleason took the oath of under-tutor and was duly confirmed. In these tutorship proceedings there was no inventory or description of any property formerly belonging to the Porter-Wadley Lumber Company, or of any property in which the minor was said to have an interest. In March, 1924, J. K. Wadley, as tutor for the minor, Margaret Porter, filed a petition in the district court in Webster Parish, alleging that the minor owned jointly with one A. J. Hodges an interest in the mineral rights in certain described lands and asking for authority to sell the minor’s interest in these mineral rights to the co-owner, A. J. Hodges. The petition was accompanied by an acknowledgment by W. T. Gleason, as undertutor for Margaret Porter, that he was acquainted with the interest of the minor in the property described in the petition, and that he recommended the proposed sale of the minor’s interest in the mineral rights to the co-owner, A. J. Hodges. The land described in the petition did not include the land owned by W. T. Gleason, the mineral rights in which are in contest in this suit. The judge of the district court rendered an order, on April 16, 1924, authorizing the sale to Hodges. In August, 1925, J. K. Wadley, as tutor for the minor, ’Margaret Porter, filed a petition in the district court of Webster Parish setting forth that, on January 2, 1925, he and other parties who were joint owners in the mineral rights in certain described land had given a lease on the land to the Dorcheat Production Company, for the production of oil, gas and other minerals; and he prayed for the court’s approval of the lease in so far as the minor’s interest was concerned. W. T. Gleason, as under-tutor for the minor, concurred in the petition of the tutor, and, 'in his concurrence, he referred to the mineral rights in the
 
 *1057
 
 land described in the petition as being subject to the obligation to pay to the German-American Investment Company and its transferees, half of the net proceeds to be derived from the sale of the minerals that might be produced under the lease. The land described in the petition did not include the land owned by W. T. Gleason, the mineral rights in which are in contest in this suit.' On August 12, 1925, the judge of the district court rendered an ex parte order or judgment ratifying and approving the lease which the tutor had made to the Dorcheat Production Company on January 2, 1925, as far as the interest of the minor, Margaret Porter, was concerned. In March, 1926, J. K. Wadley, as tutor of the minor, Margaret Porter, prayed for a.nd obtained a judgment of the district court in Webster Parish ratifying and approving, as far as the minor was concerned, a lease which Wadley and other stockholders of the dissolved Porter-Wadley Lumber Company had granted to one W. R. Ramsey, on February 23, 1926. W. T. Gleason, as undertutor for the minor, concurred in the petition of the tutor to have the lease ratified. The lands described in the petition, as having been leased to W. R. Ramsey, did not include the land belonging to W. T. Gleason, the mineral rights in which are in contest in this suit.
 

 One of the essential elements of a plea of estoppel is that the party pleading it shall have been induced by the false representation of the party against whom it is pleaded to act in a way in which he would not have acted but for the false representation. There is no such element of estoppel in this case. Besides, the false representation must be one ' of fact, not merely an error of law, in order to constitute an estoppel'. All that could be said in favor of the plaintiffs in this suit, with regard to the acknowledgments that were made by W. T. Gleason, as undertutor for the minor, Margaret Porter, in the tutorship proceedings, is that Gleason expressed a belief that, by the dissolution of the Porter-Wadley Lumber Company, the'title to the property of the corporation passed immediately to the stockholders. The acknowledgments which Gleason, as under-tutor, made in the tutorship proceedings did not go that far; but, if these acknowledgments should be construed as an admission that the title to the property of the corporation passed immediately to its stockholders as an effect of the dissolution of the corporation, the admission was merely an error of law. There was no misrepresentation of fact. The stockholders of the Porter-Wadley Lumber Company, which was then dissolved, were as well aware of the facts as W. T. Gleason was. In Brian v. Bonvillain, 111 La. 441, 35 So. 632, it was said: “Where all the parties knew the facts, but were mistaken as to the law, there is no basis for estoppel en pais.” To the same effect is the decision in Wells v. Blackman, 121 La. 394, 46 So. 437, and in Bayard v. Baldwin Lumber Co., 157 La. 994, 103 So. 290.
 

 It is not contended by the appellants that the acknowledgments which W.' T. Gleason as undertutor made in the tutorship proceedings were, of themselves, sufficient to interrupt the prescription of 10
 
 *1059
 
 years, liberandi causa. Civ.Code, art.
 
 3544.
 
 There was no intention on the part of Gleason to interrupt the prescription and to have the 10-year period begin anew. Besides, the last one of the acknowledgments made by Gleason was made more than 10 years before this suit was filed.
 

 The judgment is affirmed.