SAMUEL, Judge.
Plaintiff, a judgment creditor of Robert E. Taylor, the original defendant herein, caused garnishment proceedings to issue against Alpha Painters, Inc., Taylor’s employer. In due course citation, copies of *707 the petition and interrogatories, and a notice of seizure were served upon the garnishee. When Alpha failed to timely answer the interrogatories plaintiff proceeded by contradictory motion against Alpha for the amount of the unpaid judgment, with interest and costs. Alpha answered the interrogatories, in the negative, after it had been served with a copy of the rule.
After trial of the motion, there was judgment in favor of the garnishee, dismissing the rule, and against the garnishee for an attorney’s fee in the amount of $75 plus costs of the rule. Plaintiff has appealed. In this court it contends: (1) under the evidence presented it is entitled to a judgment pro confesso in the amount of $199, being 20% of the total amount of checks issued by Alpha and cashed by Taylor subsequent to service of the garnishment; and (2) the award of $75 for an attorney’s fee is unreasonably low and should be increased.
The propriety of the garnishment proceedings, taken under the provisions of LSA-C.C.P. Arts. 2411, 2412 and 2413, are not in dispute. We note that under Code of Civil Procedure Article 2413: (1) the burden is on Alpha to prove it had- no property of and was not indebted to the judgment debtor; and (2) a judgment for costs and a reasonable attorney’s fee for the motion must be rendered against the garnishee. The article reads as follows:
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor 'may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion. LSA-C.C.P. art. 2413. (Emphasis ours).
Relative to plaintiff’s first contention the record contains documentary evidence, which was subpoenaed or requested by plaintiff and furnished by Alpha, and the testimony of Wayne E. White, president of Alpha, the only witness called during the trial.
The documentary evidence consists of nine Alpha checks and copies of two Alpha employers’ quarterly tax returns. The checks, all dated subsequent to the service of the garnishment and totaling $995, are in varying amounts ranging from $55 to $200 and were signed for the corporation by the judgment debtor, Taylor. Three of the checks were drawn to Taylor’s order and three were drawn to the order of “Cash”; Taylor was the only endorser on five of the checks and the first endorser on the other four. The two tax returns cover the time between the date the garnishment was served on Alpha and the date of trial. One of the returns reports a total of twenty-six employees, the other reports twenty-seven, and the name of the judgment debtor does not appear on either return.
White, the president of Alpha, testified: Alpha, which was engaged in offshore painting and was wholly owned by White, had been incorporated approximately six months before the date of trial. Taylor, who was White’s brother-in-law, was sec *708 retary of the corporation with authority to sign corporation checks. Taylor worked for the corporation and, although he had some duties in the office, he was paid only on a commission basis. However, he never earned a commission. On some occasions he was given advances on future commissions and on other occasions White personally loaned him money. The checks in evidence represented money used for purchasing fuel, groceries and other supplies at Grand Isle, Venice and Cameron for Alpha’s offshore boats and workmen; they also represented some advances to Taylor on future commissions.
In reasons dictated at the conclusion of trial the district judge stated that in his opinion the explanation of the checks received by Taylor was rather flimsy but entirely possible. He accepted the credibility of White and concluded that Alpha had carried its burden of proving it had no property of and was not indebted to the judgment debtor. This is a finding of fact based on the credibility of the witness and we find no manifest error therein.
We do find merit in plaintiff’s second contention, that the award of $75 for an attorney’s fee in unreasonably low. The motion originally was set for trial on October 1, 1969. On that date White appeared for Alpha but, because the corporation was not represented by counsel and all of the records called for by a subpoena issued by the plaintiff were not produced, the court continued the trial to the following day. On October 2 the matter again was continued to November 7 because Alpha again was not represented by counsel. The motion was heard on November 7, 1969. Thus, counsel for plaintiff was required to make three separate trips to court in order to try the motion. Under these circumstances we are of the opinion $200 would be a reasonable attorney’s fee as required by LSA-C.C.P. Art. 2413.
For the reasons assigned, the judgment appealed from is amended so as to increase the award for an attorney’s fee from the sum of $75 to the sum of $200. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be paid by garnishee-ap-pellee, Alpha Painters, Inc.
Amended and affirmed.