380 So.2d 747 (1980)
Johnnie Lee TWILLIE
v.
H. B. ZACHRY COMPANY and Employers National Insurance Company.
No. 10913.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1980.
*748 Marilyn A. Boothe, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, Paul B. Deal, and Darryl J. Foster, New Orleans, for defendants-appellees.
Before GULOTTA, CHEHARDY and HOOD, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Johnnie Lee Twillie against H. B. Zachry Company and its insurer, Employers National Insurance Company. This suit was instituted in the Civil District Court for the Parish of Orleans. Defendants filed an Exception of Venue. Judgment was rendered by the trial court maintaining that exception, but allowing plaintiff thirty days thereafter within which to transfer the case to the Twenty-Ninth Judicial District Court for the Parish of St. Charles. Plaintiff appealed. We affirm.
The overall issue presented is whether the Civil District Court for the Parish of Orleans is a court of proper venue for this workmen's compensation suit. To resolve that issue, it is necessary for us to determine whether defendant, H. B. Zachry Company, is estopped from denying that its principal place of business is in Orleans Parish.
Defendants allege that the trial court, the Civil District Court for the Parish of Orleans, is a court of improper venue because: (a) Plaintiff is and has been domiciled in the State of Mississippi; (b) defendant H. B. Zachry Company is domiciled in the Parish of St. Charles, Louisiana; and (c) the accident complained of occurred in St. Charles Parish.
*749 The evidence presented at a hearing on the exception of venue establishes that plaintiff is a resident of and is domiciled in the State of Mississippi. H. B. Zachry Company is a Delaware corporation, domiciled at Wilmington, and it is qualified to do business in Louisiana. According to the records of the Secretary of State, in Louisiana, the principal business establishment of that company in this state is "Highway 18, River Road, Taft, Louisiana." Plaintiff apparently does not question the fact that Taft is in St. Charles Parish. The accident which resulted in plaintiff's alleged injury and disability occurred in St. Charles Parish, while plaintiff was working as a laborer for defendant Zachry. The instant suit was filed in Orleans Parish.
Under our law, an action to recover workmen's compensation benefits may be instituted only in the district court which would have jurisdiction in a civil case, or in the district court of the parish in which the injury was done or the accident occurred, or in any court at the domicile, or at the principal place of business of the defendant, having jurisdiction of the amount of the dispute. LSA-R.S. 23:1311.
We find that defendant Zachry is a foreign corporation which is licensed to do business in Louisiana, and that its principal business establishment in this state is in St. Charles Parish. Under those circumstances, the Civil District Court for the Parish of Orleans is not a district court which would have jurisdiction over that defendant in a civil case. The Orleans Parish court also is not a court "at the domicile, or at the principal place of business of the defendant, having jurisdiction of the amount of the dispute." The accident which resulted in injury to plaintiff occurred in St. Charles Parish. It did not occur in Orleans Parish. It is apparent, therefore, that under our law this suit was instituted in a court of improper venue. See LSA-C.C.P. art. 42(4), and LSA-R.S. 23:1311.
Plaintiff contends, however, that defendants should be estopped from denying that Zachry's principal place of business is in Orleans Parish, for three reasons. One is that defendants admitted in pleadings filed in another suit that Zachry's principal place of business in Louisiana is in Orleans Parish, and that that admission constitutes a judicial confession which cannot be revoked. The second reason is that plaintiff relied and acted upon the above judicial confession to his prejudice. And, the third reason is that the "interest of justice," contemplated by LSA-C.C.P. arts. 121 and 932, could best be served by overruling the exception of venue.
The defendants in this suit were named as defendants in an earlier (and a different) suit, entitled "Louis Youngblood v. H. B. Zachry Company and Employers National Insurance Company," bearing No. 76-11151 on the docket of the Civil District Court for the Parish of Orleans. In that suit the defendants filed an answer alleging that they "admit that H. B. Zachry Company is a foreign corporation with its principal place of business in Louisiana in Orleans Parish." That answer was filed on August 3, 1976. The Youngblood suit is not connected in any way with this action, and plaintiff Twillie was not a party to that suit. The attorneys who represented the plaintiff in that case, however, are the same attorneys who represent Twillie in the instant suit, and the firm which represented Zachry and Employers National in the Youngblood case is the same firm of attorneys which represents those defendants in the suit which is before us now.
Plaintiff argues that the above quoted allegation in the answer filed by defendants in the Youngblood suit constitutes a judicial confession which amounts to full proof against the defendants and cannot be revoked by them, unless proved to have been made through an error in fact.
Article 2291 of the Louisiana Civil Code provides:
Article 2291: "The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.

*750 It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law."
Our courts have held consistently that the judicial confession referred to in LSA-C.C. art. 2291 relates only to a judicial confession made in the suit itself, either in the pleadings or the evidence, for the purpose of dispensing with the taking of evidence on the fact admitted, and that it has no reference to admissions or confessions made in other suits. Admissions or confessions made in other suits are classified only as extrajudicial confessions which are admissible in evidence, but they are not conclusive presumptions and they do not operate an estoppel against the party making them, unless the other party claiming the benefit of the judicial estoppel resulting therefrom has been deceived by those confessions and has relied or acted on them to his prejudice. Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (1913); Sun Oil Co. v. Smith, 216 La. 27, 43 So.2d 148 (1949); Prieto Lumber Co. v. Shoultz, 111 So.2d 857 (La.App. 1st Cir., 1959); Succession of Turner, 235 La. 206, 103 So.2d 91 (1958); Barnes Furniture Store v. Young, 111 So.2d 549 (La.App. 1st Cir., 1959); D'Amico v. Canizaro, 226 So.2d 547 (La. App. 4th Cir., 1969).
We conclude that the quoted allegation in the answer filed by defendants in Youngblood, supra, cannot be regarded as a judicial confession in the instant suit, and that the provisions of Article 2291 of the Civil Code thus are not applicable here. The allegation made by defendants in the above pleading is admissible in evidence in this suit, but it will not operate as an estoppel against defendants, unless the evidence establishes that plaintiff was deceived by the admission or confession and acted on it, to his prejudice.
Plaintiff takes the position that he relied on the above allegation to his great prejudice. He points out that the pleading which contained the admission or confession was filed by defendants on August 3, 1976, which was less than a year before the accident involved here occurred. This accident occurred on July 11, 1977. We note that the instant suit was filed on July 7, 1978, almost two years after the admission was made. Plaintiff's argument, we assume, is that it was reasonable for him to conclude that Zachry's principal business establishment was still in Orleans Parish, since the admission was made only a short time before his injury was sustained.
In Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975), the Louisiana Supreme Court defined "estoppel" or "estoppel in pais" as follows:
"Equitable estoppel, or `estoppel in pais,' can be defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. Thus, there are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance . . ."
Estoppels, however, are not favored by our courts. The burden of proving the facts upon which the estoppel is founded, as well as the affirmative showing that the party pleading it was misled by the acts of the other party and forced to act to his prejudice, rests on the party invoking the doctrine. Harvey v. Richard, 200 La. 97, 7 So.2d 674 (1942); Shirey v. Campbell, 151 So.2d 557 (La.App. 2nd Cir., 1963); Henderson v. Rossi, 185 So.2d 92 (La.App. 4th Cir., 1966); Muhleisen v. Allstate Insurance Company, 203 So.2d 847 (La.App. 4th Cir., 1967); American Bank and Trust Company v. Trinity Universal Insurance Company, 251 La. 445, 205 So.2d 35 (1967).
A party may not invoke the doctrine of equitable estoppel except in good faith and after having exercised such diligence as would reasonably be expected under the prevailing circumstances to avoid mistake or misunderstanding. Being an equitable *751 remedy, it must be applied with equity. A party cannot successfully invoke estoppel, by claiming that he relied on representations made by another to his prejudice, if the evidence shows that the party pleading the estoppel had actual knowledge or had ready or convenient means of acquiring knowledge of facts concerning which the representations were made.
In Shirey, supra, the Second Circuit Court of Appeal said:
"The doctrine, however, should not be accorded inequitable application. Intent is an essential element of equitable estoppel. Thus, it is essential to equitable estoppel that the matters claimed to create it were intended to lead the other party to act thereon or that there were reasonable grounds to anticipate that he would so act. The doctrine, however, has no application unless the person invoking it relied, and had a right to rely, upon the representation or conduct of the person, or persons, sought to be estopped. Hence, there is no compliance with this rule requiring reliance upon representations, express or implied, as an element of estoppel where the person pleading the estoppel had actual knowledge or ready or convenient means of acquiring knowledge of the facts concerning which the representations were made." (Emphasis added).
Our Supreme Court, in Harvey v. Richard, supra, held:
"The cases holding that estoppels are not favored by our courts are legion in our jurisprudence. Whenever estoppel is pleaded as an element of a cause of action, it must be pleaded specifically, the burden of proving the facts upon which the estoppel is founded, as well as the affirmative showing that he was misled by the acts and forced to act to his prejudice, resting upon the party invoking the doctrine." (Emphasis added).
In Muhleisen, supra, we quoted from Shirey and Harvey, both supra, and in rejecting the plea of estoppel made there, we said:
"... A party may not invoke the doctrine of equitable estoppel except in good faith and after having exercised such diligence as would reasonably be expected under the prevailing circumstances to avoid mistake or misunderstanding. Being an equitable remedy, it must be applied with equity."
* * * * * *
"... The foregoing phrase "forced to act to his prejudice" certainly was not intended to imply a coercion, but rather that reliance upon the representation was made necessary because of the want of ready and convenient means of acquiring knowledge of the facts concerning which the representation was made. Here the plaintiffs had such ready and convenient means and were not forced of necessity to rely upon the alleged representation.
"Good faith is generally regarded as a necessary element in the application of the principle of equitable estoppel. A party having means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim to have acted in complete good faith."
In the instant suit the information that defendant Zachry's principal place of business was in St. Charles Parish, instead of Orleans, was readily available to plaintiff. That determination could have been made by a letter or a telephone call to the office of the Secretary of State. We do not feel that the allegation made by defendants in the Youngblood case relating to Zachry's principal place of business was of such a misleading or deceptive character that plaintiff was "forced to act" to his prejudice. We thus find no merit to plaintiff's plea of estoppel.
Finally, plaintiff argues that the "interest of justice" compels us to reverse the trial court and to overrule defendants' exception of venue. He bases that claim largely on LSA-C.C.P. arts. 121 and 932, which provide in effect that when an action has been brought in a court of improper jurisdiction or venue, the court may transfer it to a proper court "in the interest of justice." The trial judge, of course, did *752 transfer the case to a district court in St. Charles Parish, which is a court of proper venue, pursuant to the provisions of the cited articles. Plaintiff contends, however, that those articles show an obvious intent on the part of the legislators to favor the continuation of actions, rather than the dismissal of them due to want of technicalities, and accordingly that in the interest of justice the judgment of the trial court should be reversed so that he will have his day in court.
That argument is persuasive. We feel, however, that the legislators did not intend for courts to ignore or brush aside our laws relating to venue and prescription in order to allow the continuation of a suit under the circumstances which are presented here.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.