393 So.2d 184 (1980)
Janie Webb DUTHU
v.
ALLEMENTS' ROBERSON MACHINE WORKS, INC.
No. 13752.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*185 Bingham M. Stewart, Baton Rouge, for appellant (plaintiff).
Macallynn J. Achee, Baton Rouge, for appellee (defendant).
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Janie Webb Duthu brought suit against Allements' Roberson Machine Works, Inc., seeking to recover $280.72 in funds paid on a debt she did not owe. The trial court, in oral reasons for judgment, rejected plaintiff's claim on the basis of estoppel in pais. Plaintiff appeals. We reverse.
*186 On September 20, 1976, while Janie Webb Duthu and Willie Duthu were still married, Allements' Roberson Machine Works, Inc., hereinafter Allements', won a judgment against Willie Duthu for $397.50, legal interest and costs. Plaintiff admits this obligation to have been a community debt.
Plaintiff and Willie Duthu separated on March 12, 1977. Suit was filed on March 30 and a judgment of divorce followed on April 29, 1977. The judgment of divorce had the effect of dissolving the community of acquets and gains retroactively to March 30. LSA-C.C. Arts. 155 and 159.
In conjunction with the divorce, plaintiff accepted her share of the community and became responsible for half the community debts.[1]
At the time of the divorce, the community obligation to Allements' had not been paid. Pursuant to the judgment in its favor, Allements', commencing April 19, 1977, proceeded to garnish plaintiff's wages for the full amount of the judgment, which, including interest and costs, had risen of $561.44. Plaintiff, then believing that she was responsible for the entire debt since it had been a community obligation, did not object when her earnings, which in reality were her separate property[2] and only subject to seizure to the extent of half the judgment, were garnished. Eventually the entire debt was satisfied from plaintiff's wages.
Plaintiff finally learned of her rights and instituted this lawsuit to recover that half of the judgment which she was not obliged to pay.
The trial court ruled that plaintiff's inaction from July of 1977, when the garnishment was completed, until November 7, 1979, when the instant suit was filed, caused estoppel to lie and held that plaintiff was precluded from exercising the normal right of recovery she should otherwise enjoy.
Equitable estoppel or "estoppel in pais" is the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party who has justifiably relied on such conduct and who has changed his position to his detriment as a result of such reliance. Department of Culture, Recreation & Tourism v. Fort Macomb Development Corporation, 385 So.2d 1233 (La.App. 4th Cir. 1980); Wilkinson v. Wilkinson, 323 So.2d 120 (La. 1975). Estoppel, because it bars the normal assertion of rights, is not favored in our law and is used sparingly. Twillie v. H. B. Zachry Company, 380 So.2d 747 (La.App. 4th Cir. 1980); Westenberger v. State Through Department of Education, 333 So.2d 264 (La.App. 1st Cir. 1976).
A party invoking the doctrine of estoppel must prove the facts upon which the estoppel is based and must establish all three elements of estoppel: 1) a representation by action or word; 2) justifiable reliance on the representation; 3) a detrimental change in one's position because of the reliance. Estoppel will not lie if any element remains unproven. Westenberger v. State and Wilkinson v. Wilkinson, supra.
Critical to the present case is the rule that silence as a representation is not a basis for estoppel unless a duty to speak exists. For such a duty to exist, the following conditions must be met: 1) the party estopped must be shown to have had opportunity to speak or act; 2) the party estopped must have had full knowledge of the facts and of his rights; 3) the party estopped must have intended to mislead or at least have had a willingness that others should be deceived; 4) the pleader of estoppel must be shown to have been ignorant of the truth and without convenient or ready *187 means of learning the truth; and 5) the pleader of estoppel must have been misled into doing what he would not have done but for the silence of the party estopped. Westenberger, supra; Harvey v. Richard, 200 La. 97, 7 So.2d 674 (1942); Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604 (1939).
From a close examination of the record, it is certain that at least three of the above conditions have not been met, and that Mrs. Duthu had no duty to speak. Accordingly, she has made no representation and estoppel cannot lie against her.
At the time her wages were being garnished, plaintiff was not aware of her legal rights, i. e., the limits of her personal obligation on behalf of the former community. That ignorance of one's rights precludes the use of silence as a basis for estoppel was made clear in Parker v. Ohio Oil Co., supra:
"Those who are ignorant of their legal rights, even if they know the facts, are not estopped by silence, by `standing by'. A man is under no duty to speak when he does not know that his silence may so mislead another man as to inflict injury upon him." 186 So. at 609.
Nothing in the record even begins to show that plaintiff intended to mislead Allements' or that she was willing for Allements' to be deceived.
Finally, while Allements' may have been ignorant of the fact of plaintiff's divorce, there were available convenient and ready means of learning the truth. Prior to garnishing plaintiff's wages, Allements' conducted a judgment debtor examination of Willie Duthu. On trial of this issue, however, counsel for defendant was unable to produce any record of that hearing and was unable to recall what property, if any, of Mr. Duthu's might have been available for seizure. Counsel stated, "I can only assume that there was no other property to seize or to go against."
This statement was flatly contradicted by plaintiff who testified that as part of their property settlement she deeded their house to Mr. Duthu. Allements' could easily have checked the property records but chose not to.
Furthermore, divorces are public record. All Allements' need have done prior to the garnishment was to make a trip to the courthouse. Again, defendant chose not to.
Allements' failures to reasonably question Mr. Duthu or to check diligently the public records preclude estoppel. Muhleisen v. Allstate Insurance Company, 203 So.2d 847 (La.App. 4th Cir. 1967).
"A public record is an available means of information as to questions of title, and one who does not take advantage of it cannot claim an estoppel against one who merely fails to furnish such information." Parker v. Ohio Oil Co., supra 186 So. at 609.
There is no doubt that plaintiff paid defendant twice what she was legally bound to pay. There is likewise no question that she has a right to recover same and is not estopped from doing so.
For the foregoing reasons, the judgment appealed from is annulled and reversed. Judgment is rendered in favor of Janie Webb Duthu and against Allements' Roberson Machine Works, Inc., for $280.72. All costs, both trial and appellate, are to be paid by Allements' Roberson Machine Works, Inc.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C. Art. 2409 then provided:

"It is understood that in the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution."
[2] LSA-C.C. Art. 2334 then provided in part:

"The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, ..... are her separate property."