423 So.2d 1262 (1982)
QUALITY FINANCE COMPANY
v.
Leo MITCHELL.
No. 82 CA 0103.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
*1263 Richard J. Brazan, Jr., Vacherie, for plaintiff-appellant.
Larry P. Boudreaux, Thibodaux, for defendant-appellee.
Before LOTTINGER, COLE and CARTER, JJ.
*1264 CARTER, Judge.
This is an appeal from a judgment rendered by the trial court in favor of garnishee, Boddie's Welding, and against plaintiff, Quality Finance Company, rejecting plaintiff's rule for judgment pro confesso and disallowing attorney's fees and costs on said motion. Appellant, Quality Finance Company, appeals, assigning as error the trial court's failure to grant attorney's fees and costs. Appellant contends that as a result of Boddie's failure to answer written interrogatories in a garnishment proceeding, it was entitled to attorney's fees and costs.
On September 22, 1980, appellant, the judgment creditor of Leo Mitchell, instituted garnishment proceedings against appellee, Boddie's, the employer of Leo Mitchell. The original judgment was in the amount of $1,136.25 with eight percent per annum interest from December 5, 1978, plus 25% of the principal and interest as attorney's fees and all costs. The petition for garnishment, interrogatories, and notice of seizure were served on the garnishee on September 23, 1980. After service, Boddie's notified the judgment debtor, Mitchell, that he had been served with garnishment proceedings and Mitchell immediately terminated his employment. Sometime after service of the garnishment proceedings and subsequent to the resignation of the judgment debtor, Mr. Camille Esenault, Jr., President and owner of Boddie's Welding, testified that he instructed his secretary to telephone Quality Finance Company to inform them that Leo Mitchell was no longer in the employ of Boddie's Welding. Mr. Esenault further testified as follows:
"Q. Do you recall what you were told, or what your secretary was told, and what was conveyed to you as to what you should do about it?
A. Well, I just told them the way I understood, and didn't worry about it, you know, because he had just already quit, you know.
Q. Did you interpret that as indicating to you that it was not necessary for you to answer the petition and interrogatories?
A. That's exactly right.
Q. Did you rely upon that information in not answering the interrogatories?
A. I didn't pay no mind to it no more after I heard that. And I also talked to Joe Daigle, who is also a deputy. At that time, he said there was nothing to worry about."
Appellee then proceeded not to answer the judgment creditor's interrogatories and a rule for judgment pro confesso was filed by appellant on November 6, 1980. This rule sought a judgment against the defendant for the entire amount of the judgment, plus attorney's fees and costs for the prosecution of this motion under Article 2413 of the Louisiana Code of Civil Procedure (1960).
Appellant contends that under the provisions of Article 2412 and 2413 of the Code of Civil Procedure, it was error for the trial court to deny its claim for attorney's fees and costs for the prosecution of the motion, when answers to the interrogatories served Kwith the petition were not filed before the initial setting of the rule for judgment pro confesso.
Article 2412 of the Code of Civil Procedure provides as follows:
"The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor.
Service shall be made in the manner provided for service of citation, except that if the garnishee is an individual, service must be personal. If the garnishee has concealed or absented himself with the purpose of avoiding personal service, the court may order that service be made in any other manner provided by law.
The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service."
Article 2413 of the Code of Civil Procedure provides as follows:

*1265 "If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebteded to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion."
Article 2413 clearly and unequivocally provides that in the event a garnishee fails to timely answer interrogatories, thus creating the necessity for a contradictory motion, the said garnishee shall be responsible for reasonable attorney's fees and costs of the motion. This is true even though on the motion there is judgment in favor of the garnishee. Therefore, regardless of the decision on the contradictory motion, Article 2413 clearly provides that the court shall render judgment against the garnishee for the costs and reasonable attorney's fees for the motion. Elizey Marine Supplies, Inc. v. Taylor, 237 So.2d 706 (La.App. 4th Cir. 1970); cf. Mid-City Investment Co. v. Batiste, 248 So.2d 88 (La.App. 1st Cir.1970). It is mandatory that plaintiff be awarded reasonable attorney's fees and costs for a motion filed by the plaintiff because of the garnishee's failure to file a timely answer. Associate Discount Corporation v. Haviland, 218 So.2d 59 (La.App. 3rd Cir.1969).
In the trial judge's reasons for judgment, he stated:
"I can accept, and it's entirely plausible to me, that what Mr. Esenault says, and taking his testimony, together with Ms. Long's, is exactly what happened. He gets this thing, and he says, `Call and tell these people this fellow doesn't work for me anymore. What do I have to do now?'
And I can see a general question like that getting to one of the secretaries and telling his secretary, `If he doesn't work for you, forget about it.' You can't get blood out of a turnip, almost anybody'll say that. It would be common sense.
Ms. Long didn't, especially coupled with the addition that she was gracious enough to give us with her testimony, makes it clear that that's not impossible, perhaps not even improbable, that that could happen.
To put it another way, I don't think Mr. Esenault perhaps pursued entirely the proper legal remedy. And perhaps the employee or the creditor didn't, either.
As a practical matter, I think this man was led to believe he could forget about it. It would just go against good conscience, in my grain, to have that man to have to pay it.
And I make this clear for the record: I accept and believe his testimony insofar as to what he told his secretary to do, what his secretary did, and what the secretary relayed back to him. And I don't think Ms. Long's testimony was intended to contradict that, and I don't think it does contradict it."
Equitable estoppel is defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. There are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and, (3) a change in position to one's detriment because of the reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975). A party may *1266 not invoke equitable estoppel except in good faith and after having exercised such diligence as would reasonably be expected under the prevailing circumstances to avoid mistake or misunderstanding. If the party pleading the estoppel had actual knowledge or had ready or convenient means of acquiring knowledge of facts concerning which the representations were made, he cannot successfully invoke estoppel. The representation relied upon by appellee in this case was from the testimony of Mr. Esenault that he had his secretary call appellant's secretary and appellant's secretary made some statement to Mr. Esenault's secretary to the effect not to worry about the garnishment proceeding.
Generally, a misrepresentation of law cannot be the basis for equitable estoppel. It is horn-book law that for a misrepresentation of law to raise equitable estoppel, the party relying upon the representation must have a confidential relation with the representing party, or the representing party must possess greatly superior knowledge of the subject. American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (La.1967); Wadley v. Gleason, 192 La. 1052, 190 So. 127 (La.1939); Straus v. City of New Orleans, 166 La. 1035, 118 So. 125 (La.1928); Brian v. Bonvillain, 111 La. 441, 35 So. 632 (La.1902). Further, a party who has means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim to have acted in good faith. Twillie v. H.B. Zachry Co., 380 So.2d 747 (La.App. 4th Cir. 1980); Harvey C. Richard, 200 La. 97, 7 So.2d 674 (La.1942).
Considering the above, it is clear that the trial court erred in applying the doctrine of equitable estoppel. Under the facts of the instant case, the judgment creditor stood in no relation of trust or confidence to the appellee. It is highly questionable as to whether or not the secretary of the appellant possessed greatly superior knowledge concerning a garnishment proceeding over the appellee. Further, appellee could have easily contacted an attorney and ascertained his legal position and was so advised on several occasions. Clearly, appellee was unjustified in relying upon any statement of appellant's secretary. Reasonable attorney's fees and costs for the motion filed by appellant are required by Article 2413 of the Code of Civil Procedure.
Counsel for appellant contends that he was required to make three court appearances because of the matter being continued numerous times. However, we have carefully examined the record and find that although six continuances occurred, the first two were on appellant's motion, the third continuance on appellee's motion, the fourth continuance on appellant's motion, and the fifth and sixth continuances by joint consent of appellee and appellant. Under the circumstances, we find that other than the work necessary to file the motion of judgment pro confesso, only one court appearance was required. Therefore, we are of the opinion that $200.00 would be a reasonable attorney's fee as required by Article 2413.
For the above and foregoing reasons, judgment of the district court denying attorney's fees and costs of the judgment to the appellant is reversed and set aside; and, judgment is rendered in favor of Quality Finance Company and against Boddie's Welding in the full sum and amount of $200.00 and all costs of these proceedings.
REVERSED AND RENDERED.